# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TAMARA RAMSAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | |
| **CHIME FINANCIAL, INC.,** ) | **1:23-cv-05684-TWT** |
| ) | |
| **Defendant.** ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW defendant Chime Financial, Inc. ("Chime" or "Defendant"), by and through its undersigned counsel, and without waiving and expressly preserving the right to demand arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby files this Answer and Affirmative Defenses to the Statement of Claim ("Complaint") filed by Plaintiff Tamara Ramsay ("Plaintiff"), stating as follows:

1. The allegations of paragraph 1 assert a legal conclusion to which Chime is not required to respond. To the extent a response is required, Chime admits that the Court has subject matter jurisdiction over this action and that its registered agent is located in Gwinnett County. Except as expressly admitted herein, Chime denies the allegations of paragraph 1 and demands strict proof thereof.

2.	Chime admits that Plaintiff seeks damages for alleged violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390, *et seq.* Chime denies violating the EFTA or the FBPA and demands strict proof thereof. Respondent denies that Claimant is entitled to damages or any relief whatsoever and demands strict proof thereof. Chime specifically denies that it committed any wrongdoing with respect to Plaintiff or that Plaintiff has any cause of action against Chime.

3.	Chime admits that Plaintiff seeks the relief stated in paragraph 3 but denies that Plaintiff's claims have any merit or that denies that Plaintiff is entitled to damages or any other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's account with Chime is subject to an arbitration provision that requires the parties to submit disputes regarding the account to binding arbitration. Chime reserves the right to compel arbitration and does not waive that right by filing this Answer.

### SECOND DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against Chime and should be dismissed pursuant to Fed. R. Civ. P. 12.

Specifically, Plaintiff cannot establish that Chime is a financial institution, as defined by the EFTA; that the transfers at issue were unauthorized electronic fund transfers as defined by the EFTA; or that Chime failed to conduct a reasonable investigation into Claimant's dispute.

### THIRD DEFENSE

Chime affirmatively invokes and asserts all defenses created by and under the EFTA.

### FOURTH DEFENSE

To the extent the EFTA applied to Chime's conduct, Chime's investigation of Plaintiff's dispute(s) was reasonable in light of the information provided by Plaintiff, and Chime acted reasonably and in compliance with the EFTA.

### FIFTH DEFENSE

To the extent any violation occurred, which Chime denies, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### SIXTH DEFENSE

Chime denies that it is guilty of any fault, either negligent, wanton, willful or otherwise.

## SEVENTH DEFENSE

Chime is not liable because it acted in good faith in conformity with applicable laws.

## EIGHTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, over which Chime had no responsibility or control and for which Chime may not be held liable.

## NINTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others. Any violation of the law or damage suffered by Plaintiff, which Chime denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Chime. For example, to the extent Plaintiff either voluntarily or negligently provided a third party with access to her account and thereby enabled the transfers at issue in the Complaint, Chime is not liable.

## TENTH DEFENSE

Plaintiff bears consumer liability for any alleged unauthorized transfers due to a failure to timely notify Chime of the loss or theft of an access device resulting

in the alleged unauthorized transfers, and the Court should set off any award to Plaintiff by the amount for which Plaintiff is liable.

### ELEVENTH DEFENSE

Plaintiff failed to provide Chime with sufficient information to resolve the alleged errors at issue in the Complaint.

### TWELFTH DEFENSE

To the extent Plaintiff's claims against Chime relate to conduct beyond the applicable statute of limitations, they are barred.

### THIRTEENTH DEFENSE

Plaintiff's claims against Chime are barred by the doctrines of judicial estoppel, equitable estoppel, collateral estoppel, and *res judicata*.

### FOURTEENTH DEFENSE

Plaintiff's claims against Chime are barred by the doctrines of laches, waiver, estoppel, release, unclean hands, accord and satisfaction, ratification, consent and acquiescence.

### FIFTEENTH DEFENSE

The claims asserted by Plaintiff against Chime are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel,

and/or release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## SIXTEENTH DEFENSE

Plaintiff's claims against Chime are barred, in whole or in part, by the doctrines of recoupment and/or set-off. Chime is further entitled to set-off for any amounts due and owing that exceed the alleged damages suffered by Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any. Among other things, Plaintiff either voluntarily or negligently provided a third party with access to her account and thereby enabled the transfers at issue in the Complaint.

## EIGHTEENTH DEFENSE

To the extent the Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages will violate due process and equal protection rights guaranteed to Chime by the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Georgia.

## **NINETEENTH DEFENSE**

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### **Reservation of Defenses**

Chime reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 17th day of January, 2024.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
BURR & FORMAN, LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorney for Defendant
CHIME FINANCIAL, INC.

## **CERTIFICATION OF COUNSEL**

 I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

            */s/ Rachel R. Friedman*
            Rachel R. Friedman
            Georgia Bar No. 456493
            rfriedman@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via CM/ECF Notice of Electronic Filing, on this 17th day of January, 2024:

Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street
Suite B
Tucker, GA 30084
cdorsen@skaarandfeagle.com

                                        */s/ Rachel R. Friedman*
                                        Rachel R. Friedman
                                        Georgia Bar No. 456493
                                        rfriedman@burr.com